*Joseph Weaver*

*vs.*

*Robert Smart*

filed 3[d] July 1806.

Sol. Sibley Att[y]

*To the Judges of the Supreme Court of the Territory of Michigan or to either of said judges in vacation—*

Your Orator Joseph Weaver, humbly complaining sheweth unto your Honors, That about the Sixteenth day of November Eighteen hundred and four, at Detroit, then in the County of Wayne, & Indiana Territory Your orator purchased a Barrel of whisky, containing thirty Eight and half Gallons of a certain Robert Smart, for the price of one dollar per Gallon as your orator then understood the Bargain. That afterwards in the month of March or April Eighteen hundred and five your orator paid the said Smart Thirty dollars on account of and in part payment of said Barrel of whisky, leaving a Balance still due the said Smart, upon said whisky of Eight dollars and fifty cents—which Balance being due the said Smart as above, your orator afterwards, Towit in the fore part of the same April, called on him at Detroit afores[d] for the purpose of paying and settling, when the said Smart did refuse to accept and receive the same from your orator, declaring that the price and value of said whisky was one dollar and Twenty five cents per Gallon, and that your orator had engaged to pay him therefore said price of

one dollar and Twenty five cents per Gallon, making a Balance at such calculation of Eighteen dollars and Twelve and half cents due said Smart, which last mentioned sum of money your orator refused to pay, under a conviction that the said Smart had no right in conscience and equity to demand of your orator, more than said sum of Eight dollars and fifty cents as aforesaid, which sum your orator was then ready to pay to the said Smart as above mentioned— Whereupon the said Smart immediately prosecuted your orator by writ of Capias, issuing from the Court of Common pleas for the County of Wayne, Tested of March Term 1805, and returnable on the first Tuesday of June of the same year, By virtue of which your orator was arrested, and did appear in said Court according to the exigency of said writ, which said action so pending, was afterwards by the consent of parties by their Attornies transferred into the District Court for the District of Huron and Detroit, to be heard and tried in said District Court—Which said Action being so transferred into said District Court, afterwards, To wit, of the Term of May 1806, was brought on for trial in said District Court then held at Detroit in said District—Upon which Trial the said Smart did introduce before the Court and jury evidence of the sale and delivery by him to your orator of Two other Barrels of Whisky, which your orator had purchased of him long before the purchase of the said Barrel upon which the dispute arose as above stated, and which Two Barrels of Whisky your orator had fully paid the said Smart for and Settled, long before the commencement of said action, and which the said Smart well knew to be so, But which payment your orator was, wholly unprepared and unable to shew by Legal evidence upon said Trial, not being apprised or in the least suspecting that said Smart, would have introduced any evidence, to charge your orator with the payment of said Two Barrels of Whisky so fully paid and settled for by your orator as above stated and which the said Smart well knew were fully paid and satisfied—By reason of which evidence so introduced by the said Smart of the Sale of said Two Barrels of Whisky so paid and settled for by your orator, judgment passed against your orator for the sum of $41..12½ cts, with costs of suit Taxed at Twenty Eight dollars and seventy one Cents, amounting in the whole to $69..83½ cts—Your orator further states that, by the Judgment so entered against your orator, obtained by said Smart, by the unfair introduction of Evidence on trial of the sale of the Two Barrels of Whisky aforesaid, so paid for as aforesaid, he stands charged in and by said Judgment, with the payment of Twenty Two dollars and seventy five cents part of said Judgment, which sum of Twenty Two dollars and seventy five cents your orator had paid the said Smart long before the commencement of said Action and which in equity and good conscience he is entitled to have endorsed on said Judgment in part satisfaction thereof, But to do which the said Smart wrongfully refuses— Your orator

further sets forth and declares that since the giving and rendering the said Judgment against him he has made several payments to Elijah Brush esquire, the legal attorney of Record of said Smart in said action, on account of and toward satisfying said Judgment, To wit the sum of forty one dollars and ninety seven cents, which sum of 41 dollars & 97 cts added to the sum of Twenty Two dollars and seventy five cents, which the said Smart holds in his hand, belonging to your orator, by virtue of the payment made him as above stated, & which in equity & good conscience ought to be applied toward satisfaction of said Judgment, would be a full satisfaction of said Judgment, both debt and costs, to the exception of five dollars and eleven cents, or there abouts—which your orator avers has been and still is ready and willing to pay to the said Smart, if he will receive the same—

Yet not withstanding the premisses, the said Smart, combining and confederating with persons at present unknown to your orator, But who when discovered he prays may be made defendants to this his bill of complaint hath since the rendition of said Judgment, and since the departure of Elijah Brush his said Attorney in said action, who has been for some time past and still is absent from this Country, with a manifest intention, wrongfully to oppress and injure, Your orator by all the rigors of imprisonment, hath sued out against your orator upon said Judgment his certain Writ of Execution, commonly called a Capias ad Satisfaciendum for the full amount of said Judgment and costs—By virtue of which writ so sued out by said Smart, upon said Judgment your orator has been arrested by the Marshal of the said Territory and imprisoned and still is wrongfully detained thereon, until he shall make payment of said Judgment & costs the said Smart having wrongfully refused and still wholly refusing to indorse upon said Writ of Execution the whole or any part of the money by your orator paid the said Brush Attorney on account of said Judgment, or the said sum of Twenty Two dollars and seventy five cents received by said Smart from your Orator as aforesaid, But insist upon said Judgment being carried into full execution with all the rigors of the Law—

In Tender Consideration whereof, and for as much as your orator is remydiless in the premisses by the strict rules of the Common law, and can only attain redress in a Court of Equity, where all frauds and latent concealments are brought to light and justice most amply administered, He prays the equitable interposition of your honors, and that said Smart may be injoined from further proceedings under said Judgment and execution, That he may be compelled by Subpoena &c to answer this your Orators bill of complaint, and that such order may be had thereon, as may be agreeable to equity and good conscience—And your orator will as in duty bound ever pray &c—

[In the handwriting of Solomon Sibley]

TERRITORY OF MICHIGAN ss.

Joseph Weaver the within complainant personally appeared before the under signed one of the Judges of s$^d$ territory, and made oath, that, to the best of his knowledge and belief the foregoing Bill contains, nothing but the Truth.—

I send herewith an Injunction, prefaced by a Summons which the clerk of the Destrict will seal & issue, on the said Jos. Weaver's giving surety for the effectual prosecution of his complaint          Detroit 3$^d$ July 1806.

F. BATES

[In the handwriting of Frederick Bates]

3$^d$ July

RTBL. on the 3$^d$ Monday in august 1806.

[In the handwriting of Frederick Bates]